PEEPLES *et al.* *v.* CLARK *et al.**

(Division B.   April 20, 1925.

[103 So. 500.   No. 24880.]

1. ALTERATION OF INSTRUMENTS. *Material alteration of receipt held to its use as proof.*

   The material alteration of an instrument, even though it serve only as evidence of a fact or transaction, has the effect of preventing its use as proof of the matter which it purports to evidence, and this is true of receipts.

2. ALTERATION OF INSTRUMENTS. *Whether there has been alteration of instrument is question for jury if evidence conflicts, but effect of alteration is question of law for court.*

   It is a question for the jury whether there has been an alteration of an instrument, provided there is a conflict in the evidence on such issue, while the effect of the alteration is a question of law for the court.

---

*Headnotes 1.   Alteration of Instruments, 2 C. J., Section 31; 2. Alteration of Instruments, 2 C. J., Sections 217, 218.

APPEAL from circuit court of Grenada county.

HON. T. L. LAMB, Judge.

Action by Mrs. J. H. Peeples and another against L. A. Clark and another.   After judgment in the court of a justice of the peace, an appeal was taken to the circuit court, and, from judgment for defendants, plaintiffs appeal.   Reversed, and judgment rendered for plaintiffs.

*McLean, Carothers & McLean,* for appellants.

On the subject of alteration of instruments, see *Bay* v. *Shrader,* 50 Miss. 326; *Long* v. *Stanley,* 79 Miss. 298; 1 R. C. L., sec. 5, pages 969 to 972; *Hill v. Calvin,* 4 Howard 231.   There can be no presumption in the instant case that there were no alterations upon the face of the in-

strument which required explanation, on account of the fact that the instrument was admitted by the court, for the court stated that it was apparent upon the face of the instrument itself that it had been tampered with.

We deem it unnecessary to argue the question of the materiality of the alteration, for it is very clear that the receipt which the witness, Sayle, testified he gave the Clarks would be no evidence whatever of payment of the note sued upon in this case, and by no stretch of the imagination could be made to recover said note. *Withers v. Hart,* 96 Miss. 455.

The receipt in the case at bar, although it was apparent upon its face that it had been materially altered, went to the jury without one word of explanation as to the alterations, although it is not only the law in Mississippi, but everywhere, that an instrument which appears on its face to have been materially altered cannot be admitted in evidence unless those alterations are satisfactorily explained. It is further to be seen from the statements of the law, as given above from various authorities, the receipt relied upon in this case, altered as it was, which was apparent upon the face of the instrument, should never have been admitted at all.

We respectfully submit that the receipt relied upon should never have been admitted to the jury, but that having been admitted and no explanation whatever having been made as to said receipt, that the court should have directed a verdict for the plaintiffs in the court below, appellants here. We further submit that when the jury found for the defendants nothing in the evidence upon which to base that decision, the motion for a new trial should have been sustained.

*Stone & Stone,* for appellees.

This case covers only one point and that a question of fact. Mrs. Bondurant, a very old lady of Coffeeville, held a note in 1916 signed by L. A. Clark and C. L. Clark

and this record begins with an agreement that D. B. Sayle of Coffeeville, Mississippi, was the long time and well known agent of Mrs. Bondurant for the general running of her business. The appellants became the owners of the note after Mrs. Bondurant's death, sued Clark, and he presented a receipt signed by Sayle; Sayle took the stand, admitted writing the receipt, disclaimed any personal recollection about the receipt, but proposed to point out alterations in the same; however, he admitted that at the date appearing on the receipt that Clark owed the Bondurant estate no other money except this note. The court properly submitted to the jury whether or not the receipt had been altered. The jury promptly found that it had not. The plaintiffs appealed to the supreme court.

Our view is that the learned circuit judge was correct in overruling the motion for a new trial and the fact that he incidentally dropped the remark that if the facts had been submitted to him instead of to the jury that he would have decided the facts differently, is, with all due respect to the court below, not a matter of any interest on this appeal. No one will deny that the question of fact as to whether or not a receipt had been altered is a proper one for the jury.

Counsel say that the legal effect of an admitted alteration is for the court's construction. That is true, but what we have here is the question of fact whether or not an alteration was made, and counsel and no one else can be heard to say that that was not matter for the jury.

Referring to the judge's remarks, a high-minded judge like Judge Lamb would not think of putting his view of the facts ahead of the jury's, on a question that was properly submitted to the jury; of course, if he had become convinced that there was no real question of fact there and that he had made a mistake in submitting it to the jury, the result would have been different.

We respectfully submit that the judgment of the lower court should be affirmed.

ANDERSON, J., delivered the opinion of the court.

Appellants, Mrs. J. H. Peeples and Mrs. P. A. Eskridge, brought this action in the court of a justice of the peace of Grenada county against appellees, L. A. and C. L. Clark, upon a promissory note executed by appellees to Mrs. S. J. Bondurant, deceased, through whom appellant, acquired title thereto. There was a trial and a judgment and an appeal to the circuit court of Grenada county, where there was a trial *de novo* resulting in a judgment for the appellees, from which judgment appellants prosecute this appeal.

The controlling facts are as follows: On March 14, 1916, the appellees executed their promissory note for one hundred one dollars and fifty cents to Mrs. S. J. Bondurant or order, payable on or before November 15, 1916, with eight per cent. interest from date. Mrs. Bondurant died in 1917, and appellants became the owners of the note by virtue of being her heirs. This note was the foundation of the suit by appellants against appellees. The cause was submitted to the jury on the pleadings, evidence, and instructions of the court. There was a verdict in favor of appellees followed by a judgment thereon from which appellants appealed.

Appellees defended on the ground that they had paid the note sued on during the lifetime of Mrs. Bondurant, and introduced in evidence a receipt purporting to have been executed by Mrs. Bondurant to appellees for the sum of one hundred and eight dollars "in full of note due 11/1st, 191," and dated November 10, 1916. It was shown that the note had never been paid to appellees; that if it had been paid it was paid to Mrs. Bondurant during her lifetime, and the receipt introduced in evidence by appellees was the evidence of such payment relied on by them. Evidence was introduced by appellees to the effect that the receipt was in the handwriting of D. B. Sayle, who was the bookkeeper and agent of Mrs. Bondurant during the years 1914, 1915,

1916, and 1917. Appellants objected to the introduction of the alleged receipt upon the ground that it appeared to have been materially mutilated. This objection was overruled by the court. Appellants introduced as a witness D. B. Sayle, who wrote the receipt in question as the agent of Mrs. Bondurant. He testified that the receipt had been altered, in this, that the true date of the receipt was January 10, 1914; That the figure "1" had been added to the month, making it the "eleventh" month instead of the "1st," and the figure "4" had been erased from the year and the figure "6" substituted therefor, making the date of the receipt 11—10—1916, instead of 1—10—1914; that the receipt had been further mutilated by there having been torn off a portion of the body thereof which thereby removed from the receipt the year in which the note was due for the payment of which appellees claimed the receipt was given. The receipt recites that it was in full of a note due "11/1st, 191." Sayle testified that the receipt was in his handwriting, that he gave it, and that it was in full of a note due by appellees to Mrs. Bondurant dated and due in 1914; that therefore the receipt in question was given more than two years before the execution of the note sued on. He showed by the books of Mrs. Bondurant that on January 10, 1914, appellees paid her one hundred and eight dollars, and that was the amount for which the receipt in question was given. He testified that he had never given appellees a receipt for that amount dated November 10, 1916; that the books of Mrs. Bondurant showed no other payment of that amount by appellees under date of November 10, 1916, or any other date. Furthermore, a comparison of the note sued on and the receipt shows these further facts: The note shows its due date to be on or before November 15, 1916, while the receipt recites that it is in payment of a note "due 11/1st 191." Therefore, if the year intended in the receipt was 1916, still the due dates in the receipt and the note do not correspond. In addition to that, taking the date of the receipt as it

appeared, to be true, one hundred and eight dollars would not represent the true amount due on the note at that date.

Appellants moved to exclude the evidence on behalf of appellees, which motion was overruled, and at the conclusion of all the evidence appellants requested the court to direct a verdict in their favor, which request was refused. Appellant's contention is that there was no issue of fact for the jury to try; that there had been a material alteration in the alleged receipt relied on by appellees; therefore under the law it was not admissible in evidence, or, having been admitted, should have been ruled out when all the testimony was in.

A material alteration of an instrument, even though it serves only as evidence of a fact or transaction, has the effect of preventing its use as proof of the matter which it purports to evidence. And this is true of receipts. 2 C. J. 1189, section 31. It would be futile to cite authorities to sustain the general principle, that, where there has been a material alteration of an instrument, it is not admissible in evidence. It is true that it is a question for the jury whether there has been an alteration, provided there is a conflict in the evidence on such issue, while the effect of the alteration is a question of law for the court. As we view the evidence in this case, there is practically no conflict on the proposition that the receipt relied on by appellees was materially altered. The original note and receipt by agreement of parties was sent up with the record. Comparing them together, as well as considering the receipt separately, the latter presents upon its face evidence, although not conclusive, that it had been materially altered. Added to that is the evidence of D. B. Sayle shown above, which it seems to us demonstrates that there had been a material alteration in the receipt; that, in fact, it was executed more than two years before the note sued on was executed. We see no real conflict in the evidence on this controlling question in the case. It is true appellees un-

der the statute were barred from testifying, but the receipt relied on by them should not for that reason be looked upon with any more favor than it otherwise would. It follows from these views that the court erred in not directing a verdict for appellants.

Reversed, and judgment here for appellants.

*Reversed.*